NO. 07-08-0316-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL D

MARCH 25, 2009

_____

LEE JOSEPH REDDIC, SR., APPELLANT

V.

LARRY REDDIC, APPELLEE

_____

FROM THE 99TH DISTRICT COURT OF LUBBOCK COUNTY;

NO. 2006-537,398; HONORABLE WILLIAM C. SOWDER, JUDGE

_____

Before QUINN, C.J., and CAMPBELL and PIRTLE, JJ.

**CONCURRING OPINION**

I join in the Court's opinion and write separately simply to point out another reason for affirming the trial court's judgment. As the Court states, all of appellant Lee Joseph Reddic, Sr.'s issues on appeal focus on the precept that limitations does not begin to run against a co-tenant until the adverse co-tenant repudiates the co-tenancy. Appellee Larry Reddic cites *Republic Production Co. v. Lee*, 132 Tex. 254, 121 S.W.2d 973, 978 (Tex.

1938) for the proposition that a recorded conveyance inconsistent with a non-possessing co-tenant's title, followed by possession, may serve to give the co-tenant the required notice of repudiation. *Gossett v. Tidewater Associated Oil Co.*, 436 S.W.2d 416, 420-21 (Tex.Civ.App.–Tyler 1968, writ ref'd n.r.e.), which the Court cites, recognizes the same proposition. I believe the trial court's judgment can be sustained on the basis of those holdings, apart from the rationale that the property was the sole management community property of Rose Mae Cotton.

James T. Campbell
Justice